United States District Court
Southern District of Texas

**ENTERED**

March 14, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DEIDRA GENTRY, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-01299 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ENCOMPASS HEALTH | § | |
| REHABILITATION HOSPITAL | § | |
| OF PEARLAND, LLC, and | § | |
| ENCOMPASS HEALTH | § | |
| CORPORATION, | § | |
| Defendants. | § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Plaintiff Deidra Gentry sues Defendants Encompass Health Rehabilitation Hospital of Pearland, LLC, and Encompass Health Corporation. Dkt 1. She brings only one claim for retaliation under 31 USC §3730(h). Id at 12. The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 21.

This is the second suit by Plaintiff related to termination of her employment with Encompass Pearland. See *Gentry v Encompass Health Rehabilitation Hospital of Pearland, LLC*, 4:23-cv-01291 (SD Tex). The first case was a *qui tam* action that was dismissed with prejudice for failure to state a claim. See 2024 WL 5433052 (SD Tex), adopted by 2025 WL 838263 (SD Tex); see also 157 F4th 758, 766 (5th Cir) (affirming dismissal). Despite this, Plaintiff relies on virtually identical background facts in her current complaint. See Dkt 1 at 7–12; see also Dkt 18-1 (redline comparison of prior and current complaints).

Encompass Pearland moved to dismiss this action. Dkt 18. It argued that *res judicata* bars Plaintiff's claims and that Plaintiff fails to plead a plausible claim for retaliation. Id at 11–23. It also moved to stay discovery pending ruling on the motion to dismiss. Dkt 25.

The Magistrate Judge granted the motion to stay discovery. See Dkt 29 (minute entry). She then entered a Memorandum and Recommendation recommending that the motion to dismiss be granted on *res judicata* grounds. Dkt 30 at 4–10. She also denied Plaintiff's request for leave to amend, finding that amendment would be futile. Id at 11. She thus recommended dismissal of Plaintiff's claims with prejudice. Ibid.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 34. She argues that *res judicata* doesn't apply because her retaliation claim was subject to an arbitration agreement that prevented her from bringing it earlier. And she objects to the Magistrate Judge's stay of discovery as it prevented investigation into the existence and terms of that agreement. Id at 3–7.

On *de novo* review and determination, the objections lack merit. The Memorandum and Recommendation is thorough and well-reasoned. And the Magistrate Judge correctly determined that Plaintiff had the opportunity to bring her retaliation claim in conjunction with her prior *qui tam* action but did not. See Dkt 19 at 6–10. The existence of an arbitration agreement wouldn't have absolutely barred such a claim. And it was correctly observed that Plaintiff may not strategically neglect to even *attempt* to

bring such a claim and then allege in a later action that she could not have done so. The Magistrate Judge also properly stayed discovery and refused leave to amend as futile and to prevent waste of party and judicial resources. Id at 3, 11.

The objections by Plaintiff Deidra Gentry to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 34.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 30.

The motion by Defendant Encompass Health Rehabilitation Hospital of Pearland, LLC, to dismiss is GRANTED. Dkt 18.

All claims by Plaintiff Deidra Gentry against both Defendants are DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on March 13, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge